**YELLOW CAB COMPANY OF CLEVE-LAND, Inc., Plaintiff,**

v.

**Thomas M. CAREY, Defendant.**

**Civ. No. 29327.**

United States District Court
N. D. Ohio, E. D.
March 30, 1956.

David A. Kaufman, Morris Berick, Halle, Haber, Berick & McNulty, Cleveland, Ohio, for plaintiff.

Sumner Canary, Dist. Atty., Cleveland, Ohio, for defendant.

JONES, Chief Judge.

The question presented in this case is whether plaintiff's telephonic communication system for internal communication by plaintiff's employees in dispatching cabs to customers was a leased wire system exempt under 26 U.S.C. 3465(b) (1939 ed.) from the tax imposed by 26 U.S.C. 3465(a) (3) on local telephone service for the period from July, 1946 through May, 1950.

Plaintiff contends that although the service was charged as local service, it was actually leased wire service. And as leased wire service it was exempt un-

der 26 U.S.C. 3465(b) from the tax imposed by 26 U.S.C. 3465(a) (3).

Defendant joins issue and advances two arguments contra: First, that since the amounts in controversy were charged for local telephone service—not for leased wire service—26 U.S.C. 3465(b) does not apply; Second, that because the system in question could possibly be connected with local exchange facilities by means of local installations it could not be considered a leased wire system.

■ The first of defendant's arguments is beside the question and is not valid. The real object of the suit is to determine whether the questioned system was a leased wire system and whether plaintiff was correctly charged (and taxed) for the service.

The determination of the principal issue therefore turns on two findings: One, whether the questioned system was a leased wire system; and Two, whether it was exempt under 26 U.S.C. 3465(b) even though it could possibly be connected with local exchange facilities by means of local installations.

The testimony given on trial leaves much to be desired in determining the nature of the questioned system. However, the court does have the benefit of Federal Tax Regulations (1954), and particularly Section 130.38, as an aid to its determination. Section 130.38 reads in part as follows:

"Section 130.38 Rate and application of tax

"(a) Leased wire, teletypewriter, or talking circuit special service.

"(2) In general, leased wire, teletypewriter, or talking circuit special service relates to private line service where channels, equipment and other facilities are furnished (usually, but not necessarily, on a contractual basis) to enable users to communicate between specified locations continuously or for specified periods, as distinguished from the sending of single dispatches, messages, and conversations by telephone, radio telephone, telegraph, cable, or radio for which tolls are charged by the carrier. The communications may be telephonic, in Morse or similar code, or may be reproduced at the terminating end in the form of a typewritten page or tape, or picture or facsimile. The charge for such service may be on a monthly, daily, or hourly basis, or may be determined by the time consumed in transmission, or by the number of words or characters transmitted. In certain instances it may be necessary to utilize the switchboards and exchanges of a carrier to connect the sending and receiving terminals of the service."

Upon study of plaintiff's Exhibit No. 1 it becomes apparent that the questioned system is indeed such a "private line service" as is described in paragraph 2 (supra). That the system was used solely for internal communication within the company is uncontroverted. The fact that it could possibly have been connected with local exchange facilities would not seem to change its private character in view of the final sentence of paragraph 2.

■ Having found the system to be a leased wire system, it remains to consider the defendant's argument that because it could possibly have been used for local service, it was not exempt under 26 U.S.C. 3465(b). A ready answer to such argument is that the system was not connected to a local system and used for local service, but was "utilized [solely] in the conduct, by [Yellow Cab] * * * of its business as such".

■ Accordingly, I find the questioned telephonic system to have been a leased wire system; and as such, and as utilized, conclude it to have been exempt under 26 U.S.C. 3465(b). Judgment may be entered for plaintiff against defendant in the sum of $11,655.40, together with interest thereon from the date of each monthly payment thereof, and costs.

This memorandum is considered to be compliance with Fed.Rules Civ.Proc. rule 52(a), 28 U.S.C.A.